*Phone @ 10:00*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:23-cv-00313-RM-KLM

FOX FACTORY, INC.

    Plaintiff(s),

v.

SRAM, LLC

    Defendant(s).

*See Pre-Scheduling Conf. Order at #78*

---

### SCHEDULING ORDER IN A PATENT CASE

---

    **1.    DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND *PRO SE* PARTIES**

Counsel for the parties met and conferred by telephone regarding this scheduling order and related issues on February 22, 2023.

Robert F. McCauley, III
Arpita Bhattacharyya
Robert Fernandes
Finnegan Henderson Farabow Garrett & Dunner
3300 Hillview Avenue, Second Floor
Palo Alto, CA 94304-1203
650-849-6600

Counsel for Plaintiff FOX Factory, Inc. ("FOX")

Richard Bennett Walsh, Jr.
Michael John Hickey
Edward T. Pivin
Sarah Anne Milunski
Lewis Rice LLC
600 Washington Avenue, Suite 2500
St Louis, MO 63101-1311
314-444-7600

1

Timothy R. Beyer
Bryan Cave Leighton Paisner LLP
1700 Lincoln Street
Suite 4100
Denver, CO 80203-4541
303-861-7000

Counsel for Defendant SRAM, LLC ("SRAM")

## 2. STATEMENT OF JURISDICTION

The Court has subject matter jurisdiction over this patent case pursuant to 28 U.S. Code § 1338.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiff(s): Plaintiff FOX Factory, Inc. alleges that Defendant SRAM, LLC infringes U.S. Patents 9,739,331 ("the '331 patent") and 8,550,223 ("the '223 patent").

b. Defendant(s): SRAM denies infringement and has asserted affirmative defenses including invalidity of the patents-in-suit.

## 4. UNDISPUTED FACTS The following facts are undisputed

Counsel for the parties will endeavor to streamline and simplify this case when and where possible. Counsel will also attempt to narrow and stipulate to facts in the event this case proceeds to trial. [handwritten: Parties shall file a supplement on or before ~~March 30~~ April 6, 2023.]

## 5. COMPUTATION OF DAMAGES

The parties have not yet commenced fact discovery related to damages and/or SRAM's sales of the products accused of infringement. FOX will seek damages as permitted by law and no less than a reasonable royalty for sales of the products accused of infringement.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting. Counsel for the parties met and conferred by telephone regarding this scheduling order and related issues on February 10 and 22, 2023.

b. Names of each participant and party he/she represented. Robert McCauley and Arpita Bhattacharyya represented Plaintiff FOX Factory. Sarah Milunski represented Defendant SRAM.

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.

The parties agree to exchange Rule 26(a)(1) disclosures by March 8, 2023, the deadline per Fed. R. Civ. P. 26(a)(1)(C).

d. Statement concerning any agreements to conduct informal discovery:

Principals for the parties have already engaged in repeated settlement discussions but no resolution has been reached.

e. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system:

Counsel have agreed that depositions relating to Plaintiff FOX Factory's pending motion for preliminary injunction will proceed remotely. Counsel will explore other agreements to reduce discovery and litigation costs as the case proceeds.

f. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

Counsel for the parties agree that ESI described in Exhibit A to the Electronic

Discovery Default Standard (https://www.ded.uscourts.gov/default-standard-discovery) need not be collected during discovery of this action. Counsel agree to cooperate and attempt to negotiate ESI discovery of reasonable and proportional scope given the needs of this action.

g. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

Principals for the parties have discussed potential resolution of this dispute several times since July 2022, and also met virtually for several hours in February 2023, but no resolution was reached.

## 7.   CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge for all purposes.

## 8.   CASE PLAN AND SCHEDULE

*[Parties must confer to provide proposed dates for items b. through q. below. Absent unusual circumstances, proposed dates for items b. through q. should proceed in chronological order]*

a. Deadline to join parties. **September 29, 2022**.

**Infringement Contentions**

b. Deadline to serve Infringement Contentions, Claim Chart(s), and produce accompanying documents: *[presumptive deadline: 28 days after Initial Scheduling Conference]*

Served in the CDCA case on **December 23, 2022.** On or before the date of the March 16, 2023 Scheduling Conference, FOX will serve any amendments or supplementations to its Infringement Contentions, Claim Charts, and document

4

production.

c.  Deadline to serve Response to Infringement Contentions and produce accompanying documents: *[presumptive deadline: 42 days after service of Infringement Contentions]*

**April 27, 2023**

[Note: Given the transfer of this case prior to any scheduling order being entered in the CDCA case, the parties have agreed to treat FOX's infringement contentions as being served on March 16, 2023.]

**Invalidity Contentions**

d.  Deadline to serve Invalidity Contentions and Claim Chart(s) and produce accompanying items of prior art: *[presumptive deadline: 42 days after service of Infringement Contentions. In cases in which a plaintiff seeks declaratory judgment of invalidity and the defendant does not assert a claim of patent infringement in its Answer then the presumptive deadline is 28 days after the Scheduling Conference]*

**April 27, 2013**

e.  Deadline to serve Response to Invalidity Contentions and Claim Chart(s) and produce accompanying documents: *[presumptive deadline: 42 days after service of invalidity contentions]*

**June 8, 2023**

**Opinion of Counsel**

f.  Deadline to make opinion(s) of counsel available for inspection and copying: *[presumptive deadline: 60 days before the close of discovery]*

**January 7, 2024**

5

**Claim Construction**

g.  Deadline for parties to exchange list of claim terms to be construed and proposed construction, specifically identifying up to ten (10) of the most critical terms to be construed: *[presumptive date: 28 days after service of Response to Invalidity Contentions]*

**July 6, 2023**

h.  Deadline to file Joint Disputed Claim Terms Chart: *[presumptive date: 28 days after exchange of claim terms to be construed]*

**August 3, 2023**

i.  Proposed month for technology tutorial with District Judge and Magistrate Judge (optional):

**August 2023**

j.  Deadline to file opening Claim Construction brief [by FOX] and all supporting evidence:

*[presumptive deadline: 28 days after filing Joint Disputed Claim Terms Chart]*

**August 31, 2023**

k.  Deadline to file Response to opening Claim Construction brief [by SRAM] and all supporting evidence: *[presumptive deadline: 21 days after service of opening claim construction brief]*

**September 21, 2023**

l.  Deadline to file [FOX's] reply brief in support of opening Claim Construction brief: *[presumptive deadline: 7 days after service of response brief]*

**September 28, 2023**

m.  Proposed month for claim construction hearing and estimated time necessary for

6

the hearing.

October, 2023

*[The parties shall file, contemporaneously with the completion of claim construction briefing, a "Joint Motion for Determination." which will serve as notice to the court that briefing has been completed.]*

**Final Patent Disclosures**

n. Deadline to file Final Infringement Contentions: *[presumptive deadline: 28 days after Court's Claim Construction Order]*

**28 days after the Court's Claim Construction Order**

o. Deadline to file Final Invalidity Contentions: *[presumptive deadline: 21 days after receiving Final Infringement Contentions]*

**21 days after receiving Final Infringement Contentions**

**Fact Discovery, Expert Disclosures, and Dispositive Motions Deadlines**

p. Fact discovery deadline.

**March 7, 2024**

q. Expert Witness Disclosure.

  1. The parties shall identify anticipated fields of expert testimony, if any. **The parties anticipate calling damages and technical experts relating to the fields at issue.**

  2. Limitations which the parties propose on the use or number of expert witnesses. ~~None.~~ *Parties are limited to one expert per side per area of subject matter expertise.*

  3. The parties shall designate all affirmative experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **March 28, 2024**. [This includes disclosure of

7

information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).]

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **April 18, 2024**.

r. Expert Discovery Deadline:

**May 9, 2024**

s. Dispositive motions deadline:

**June 6, 2024**

## 9. DISCOVERY LIMITATIONS

a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules. *[handwritten: 10 depos per side; 25 rogs per side. Also, see below:]*

**None. However, the parties agree that the depositions taken of declarants in relation to FOX's Motion for Preliminary Injunction and SRAM's Motion to Transfer shall not count towards either party's 10-deposition limit unless the questioner exceeds the scope of the declarants' declarations. The parties further agree that the parties are permitted to re-depose any such declarants unless the questioner exceeds the scope of the declarants' declarations.**

b. Limitations which any party proposes on the length of depositions. **At present, the parties believe the presumptive limits should apply, but may revisit that if circumstances warrant.** *[handwritten: One day of no more than 7 hrs per witness, absent further leave of court.]*

c. Limitations which any party proposes on the number of requests for production and/or requests for admission.

**The parties believe that the presumptive limits should apply to interrogatories and requests for admission (not including RFAs to the authenticity of any documents), but propose a limit of 50 requests for production, per side.**

*[handwritten: 50 RFPs per side / 25 RFAs per side]*

d. Other Planning or Discovery Orders *[handwritten: unlimited RFAs as to authenticity of documents only]*

   1. Deadline for filing proposed protective order(s): **10 days prior to Scheduling Conference**.

   2. Other issues:

### 10. DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

a. Status conferences will be held in this case at the following dates and times: *[handwritten: As needed.]*

b. A final pretrial conference will be held in this case on _____ at _____ *[handwritten: a date TBD in the future.]* _____o'clock _ m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than five (5) days before the final pretrial conference.

### 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

b. Anticipated length of trial and whether trial is to the court or jury. **Eight to ten-day jury trial (not including jury selection).**

Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facility at 212 N. Wahsatch Street,

9

Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado.

None

### 12. NOTICE TO COUNSEL AND PRO SE PARTIES

Motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1, by containing proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record. and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case. In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

### 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended only upon a showing of good cause.

DATED this ___16th___ day of __March__, 20_23_.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

/s/ *Robert F. McCauley*
Robert F. McCauley
Finnegan LLP
3300 Hillview Ave., Second Floor
Palo Alto, CA 94304
650-849-6673
Attorney for Plaintiff FOX Factory, Inc.

/s/ *Sarah A. Milunski*
Sarah A. Milunski
600 Washington Ave., Ste. 2500
St. Louis, MO 63101
314-444-7822
Attorney for Defendant SRAM LLC