IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Gordon P. Gallagher

Civil Action No. 23-cv-00313-GPG-KAS

FOX FACTORY, INC.,

    Plaintiff,

v.

SRAM, LLC,

    Defendant.

## ORDER

Before the Court is Defendant SRAM, LLC'S Objections to Report and Recommendation of United States Magistrate Judge (Objection) [ECF NO. 208] (D. 210) in relation to the Order and Recommendation of United States Magistrate Judge [Kathryn A. Starnella] (Recommendation) (D. 208). Defendant objects to that portion of the Recommendation denying its request to amend its preliminary infringement contentions to add two new prior art references because "SRAM has failed to show diligence in identifying and disclosing" those references (D. 208 at 13).

Defendant argues that "the Local Patent Rules do not contain a good cause requirement for amendment of preliminary infringement contentions" (D. 210 at 3). This is somewhat correct, but not in a way that will save Defendant's proposed amendment.

The Local Patent Rules do not provide for *any* amendment of the preliminary contentions themselves. Thus, they do not have requirements for amendment. Instead, the Local Patent Rules

1

allow additions to the preliminary contentions for good cause when disclosing final contentions. Specifically, they provide:

> Amendments. Final Infringement Contentions shall not identify additional accused products or processes not contained in the preliminary infringement contentions without good cause (e.g., discovery of previously undiscovered information or an unanticipated claim-construction ruling). The party asserting infringement shall include a separate statement of good cause for any amendment.

D.C.COLO.LPtR 16(a)(3), and

> Amendments. If the Final Invalidity Contentions identify additional prior art, the amendment shall be supported by good cause (e.g., discovery of previously undiscovered information or an unanticipated claim- construction ruling) and an accused infringer shall include a separate statement of good cause for any amendment.

D.C.COLO.LPtR 16(b)(3).

Yet, despite the lack of rules allowing for amendment of preliminary contentions, litigants have sought to amend their preliminary contentions, perhaps to get early certainty about whether they will be able to include such changes in their final contentions. Because the Local Patent Rules require good cause to alter preliminary contentions, judges in this District have required good cause for such amendment of preliminary contentions consistent with D.C.COLO.LPtR 16(a)(3) and (b)(3). *See, e.g., Well Master Corp. v. Flowco Prod. Sols., LLC*, No. 21-cv-02145-CMA-KLM, 2024 WL 1281450, at *3 (D. Colo. Mar. 26, 2024); *XY, LLC v. Trans Ova Genetics, LC*, No. 17-cv-00944-WJM-NYW, 2018 WL 6791102, at *5 (D. Colo. Oct. 2, 2018) ("*XY, LLC II*"); *Crocs, Inc. v. Effervescent, Inc.*, No. 06-cv-00605-PAB-KMT, 2017 WL 5171332, at *3 (D. Colo. Nov. 8, 2017) (citing *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366

(Fed. Cir. 2006)).  Thus, additions to initial invalidity contentions require a showing of good cause, whether by amendment or in the final invalidity contentions.

In order to show good cause, the party seeking to amend its contentions must, in part, show diligence.  *See, e.g., O2 Micro*, 467 F.3d at 1366; *XY, LLC II*, 2018 WL 6791102, at *6.  Defendant has not shown diligence (or attempted to do so) in this instance; accordingly, amendment should be denied.  The Court overrules the Objection.

Accordingly, it is ORDERED that Defendant SRAM, LLC'S Objections to Report and Recommendation of United States Magistrate Judge (D. 210) is OVERRULED.  It is FURTHER ORDERED that Defendant's Motion for Leave to Amend its Preliminary Invalidity Contentions and to Respond to Fox Factory, Inc.'s Second Amended Infringement Contentions and Incorporated Memorandum in Support (D. 148) is DENIED IN PART as to its identification of the Manitou and Totem forks as alleged prior art devices.

DATED August 11, 2025.

BY THE COURT:

Gordon P. Gallagher
United States District Judge