IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Gordon P. Gallagher

Civil Action No. 23-cv-00313-GPG-KAS

FOX FACTORY, INC,

    Plaintiff,

v.

SRAM, LLC,

    Defendant.

## ORDER

Before the Court is Plaintiff's Request For Clarification of Minute Order (DKT. 232) (D. 234). The Court GRANTS the request in the following manner:

The dispositive motions deadline and related deadlines in this case have long passed (D. 88 at 8). *See also* RPM Civ. Practice Standard M; GPG Civ. Practice Standard 7.1C. However, several motions were denied without prejudice upon entry of a stay in this case (D. 217). After receiving this case and issuing its Claim Construction Order, the Court ordered the Parties to proceed as follows:

> The Parties are ordered to meet and confer within fourteen days and, thereafter, may file motions for summary judgment, Fed. R. Evid. 702 motions (or other motions to exclude), or stipulations raising issues raised in the motions pending when the case was stayed. SO ORDERED.

(D. 232).

During the Parties' meet and confer, Defendant SRAM, LLC (SRAM) has apparently taken the position that it may file motions for summary judgment or other motions on topics that were not raised in in the motions pending when the case was stayed. This was not the Court's intention, and it is unclear how SRAM reached this interpretation in view of the discussion at the July 30, 2025 Status Conference. Neither party requested the option to file wholly new motions during the July 30, 2025 Status Conference.[1] Further, stipulations tend to resolve rather than raise issues. In any refiled motions, the Parties may not raise any arguments not contained in their motions pending when the case was stayed that have not been resolved, namely, D. 155, 157, 160, 163, 164, 165, 168. The Parties are welcome to simply refile their previous filings after carefully annotating them to strikethrough any material that is no longer relevant or in need of resolution.

There is apparently also a dispute about contentions, which were not discussed in the Court's Minute Order (D. 234 at 3). The Local Patent Rules require disclosure of Final Infringement Contentions and Final Invalidity Contentions after claim construction. D.C.COLO.LPtR 16(a)(1) ("shall serve"); 16(b)(1) ("shall serve"). To the extent a party seeks to make additions in comparison with its earlier contentions, such changes must be supported by good cause. D.C.COLO.LPtR 16(a)(3); 16 (b)(3). If any such additions are made, the disclosing "party must provide a separate statement of good cause" for each addition at the time it serves its Final Contentions. *Well Master Corp. v. Flowco Prod. Sols.*, LLC, No. 21-CV-02145-CMA-KAS, 2025 WL 2080969, at *2 (D. Colo. July 24, 2025) (citing D.C.COLO.LPtR 16(a)(3); 16 (b)(3)). The opposing party then "may move to exclude those amendments on the grounds that good cause for the amendment does not exist." *Id*. (citing D.C.COLO.LPtR 16(a)(4); 16(b)(4). These

---

[1] Even if they did, any such request was denied (*see* D. 232).

procedures have not been modified in this case (*see* D. 88), and it is premature for the Court to determine whether there is good cause for any additions at this time. The Court is cognizant of Plaintiff's concerns regarding delay (D. 234) and will endeavor to promptly resolve any motions related to Contentions.

    SO ORDERED.

    DATED September 3, 2025.

                                                          BY THE COURT:

                                                          Gordon P. Gallagher
                                                          United States District Judge